UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JING ULIT<br><br>       Plaintiff,<br><br>v.<br><br>ADVOCATE SOUTH SUBURBAN<br>HOSPITAL<br><br>       Defendant. | FILED COPY: MAY 9, 2008<br>08CV2698   EDA<br>JUDGE DOW<br>MAGISTRATE JUDGE DENLOW<br><br>**Plaintiff Demands**<br><br>**Trial by Jury** |

## COMPLAINT AT LAW

Plaintiff, Jing Ulit ("Ulit"), by and through her attorneys, Caffarelli & Siegel Ltd., complains against Defendant Advocate South Suburban Hospital. ("Advocate" or "Hospital") as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Defendant's unlawful termination of Plaintiff, in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within the State of Illinois, in Defendant Advocate's hospital in Hazel Crest, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Jing Ulit, is a resident of Illinois. She was employed by Advocate from on or about July 1997 until her termination on or about April 22, 2008. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she was terminated. Ulit is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Advocate employs more than 50 employees within 75 miles of her worksite.

5. Defendant Advocate is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce with a hospital located in Hazel Crest, Illinois. Advocate was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTUAL ALLEGATIONS

6. Ulit began working for Advocate on or about July 1997. At the time she was terminated, Ulit was employed as Medical Records Clerk. Throughout her employment, Ulit performed her job satisfactorily.

7. In the year prior to April 2008, Ulit worked for Advocate on a full-time basis, and had worked more than 1,250 hours.

8. Advocate employs more than 100 employees at its Hazel Crest hospital.

9. In early 2008, Ulit informed the Hospital that she would require maternity leave beginning on or around April 2008.

10. Ulit's supervisor, Darla Lopez ("Lopez"), told Ulit that "she cannot go on maternity leave." Lopez had also expressed anger at the fact that another employee, Bonnie Whitfield, had been out on leave.

11. Ulit then bypassed Lopez, and Advocate ultimately granted Ulit's request for FMLA leave.

12. On or about April 2, 2008, Ulit gave birth to her baby, and began her approved FMLA leave.

13. On or about April 22, 2008, Ulit was contacted by Lopez. Lopez informed Ulit that she needed to report to the hospital for a meeting, even though Ulit was still out on her approved FMLA leave.

14. During the meeting on or about April 22, 2008, Lopez terminated Ulit for allegedly accessing patient information unnecessarily.

15. Ulit had not accessed patient information unnecessarily. The Hospital's stated reason for terminating Ulit is pretextual.

16. Advocate unlawfully terminated Ulit in violation of the FMLA.

## COUNT I – FAMILY AND MEDICAL LEAVE ACT – FMLA INTERFERENCE

17. Plaintiff incorporates paragraphs 1 through 16, as if fully incorporated herein.

18. By April of 2008, Ulit had been continuously employed by Advocate for more than ten years, and worked at least 1,250 hours during the twelve months immediately proceeding the date she was terminated.

19. Ulit was entitled to maternity leave for the birth of her child under the Family and Medical Leave Act, 29 U.S.C. § 2612.

20. Advocate approved Ulit's request for FMLA leave.

21. Ulit was entitled to be reinstated to her former position or an equivalent position at the conclusion of her approved FMLA leave.

3

22. On or about April 22, 2008, while she was out on her approved FMLA leave, Advocate terminated Ulit in violation of 29 U.S.C. § 2615.

23. As a direct and proximate result of said acts, Ulit has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff Ulit respectfully requests that this Court enter judgment in her favor and against Defendant Advocate by:

A. Declaring that the acts and practices by Defendant Advocate as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Ulit back wages and lost benefits due to Defendant's violations of the FMLA;

D. Directing Defendant Advocate to reinstate Ulit to her previous position or, in the alternative, awarding Ulit front pay;

E. Awarding Ulit liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Ulit in connection with the instant action; and

G. Awarding Ulit such further and additional relief as the Court may deem just and proper.

## COUNT II – FAMILY AND MEDICAL LEAVE ACT – FMLA RETALIATION

24. Plaintiff incorporates paragraphs 1 through 23, as if fully incorporated herein.

25. Ulit's termination was in retaliation for having exercised her rights under the FMLA.

26. The Hospital's stated rationale for terminating Ulit is pretext for FMLA retaliation.

27. But for having taken FMLA leave and exercising her rights, Ulit would not have been terminated.

28. Ulit's termination constitutes retaliation for having taken FMLA leave because of the birth of her child, in violation of the FMLA, 29 U.S.C. § 2615.

29. As a direct and proximate result of said acts, Ulit has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff Ulit respectfully requests that this Court enter judgment in her favor and against Defendant Advocate by:

   A. Declaring that the acts and practices by Defendant Advocate as described herein constitute a violation of the FMLA;

   B. Enjoining and permanently restraining these violations of the FMLA;

   C. Awarding Ulit back wages and lost benefits due to Defendant's violations of the FMLA;

   D. Directing Defendant Advocate to reinstate Ulit to her previous position or, in the alternative, awarding Ulit front pay;

E. Awarding Ulit liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Ulit in connection with the instant action; and

G. Awarding Ulit such further and additional relief as the Court may deem just and proper.

Dated: May 9, 2008

Alejandro Caffarelli, #06239078
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email  info@caffarelli.com
Web  www.caffarelli.com

Respectfully submitted,

JING ULIT

By: _____
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact.

_____
One of Plaintiff's Attorneys

6