IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JING ULIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 2698 |
| ) | |
| ADVOCATE SOUTH SUBURBAN HOSPITAL, ) | Judge Dow |
| ) | Magistrate Judge Denlow |
| Defendant. ) | |

## NOTICE OF FILING

To: Alejandro Caffarelli
Caffarelli & Siegel Ltd
180 North Stetson – Ste. 3150
Chicago, IL  60601

PLEASE TAKE NOTICE that on Friday, June 6, 2008, we filed with the Clerk of the United States District Court, Northern District, Eastern Division, Defendant Advocate South Suburban Hospital's Answer to Complaint, a copy of which is attached and hereby served upon you.

June 6, 2008                                    ADVOCATE SOUTH SUBURBAN HOSPITAL

                                  By: _____
                                          One of Its Attorneys

Douglass G. Hewitt
Neal Gerber & Eisenberg LLP
Two North LaSalle Street - Suite 2200
Chicago, Illinois  60602
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JING ULIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 CV 2698 |
| | ) |
| ADVOCATE SOUTH SUBURBAN HOSPITAL, | ) Judge Dow |
| | ) Magistrate Judge Denlow |
| Defendant. | ) |

## ANSWER

Defendant, Advocate South Suburban Hospital, for its Answer to Plaintiff's Complaint, states:

## NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Defendant's unlawful termination of Plaintiff, in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

**ANSWER:** Defendant admits that Plaintiff's Complaint purports to state a claim for damages and injunctive relief based on an alleged violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA"). Defendant denies that it violated the FMLA or that its actions regarding Plaintiff were unlawful.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

**ANSWER:** Defendant admits that this Court has jurisdiction over this action.

3. The unlawful employment practices described herein were committed within the State of Illinois, in Defendant Advocate's hospital in Hazel Crest, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

ANSWER: Defendant admits that it operates a hospital in Hazel Crest, Illinois and that venue for this action is proper pursuant to 28 U.S.C. § 1391(b). Defendant denies the remaining allegations and legal conclusions contained in Paragraph 3.

## PARTIES

4. Plaintiff, Jing Ulit, is a resident of Illinois. She was employed by Advocate from on or about July 1997 until her termination on or about April 22, 2008. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she was terminated. Ulit is an "eligible employee" under 29 U.S.C. § 2611(2)(B)ii), because Advocate employs more than 50 employees within 75 miles of her worksite.

ANSWER: Defendant admits that plaintiff was employed by it from July 28, 1997 through May 14, 2008 and admits the remaining allegations contained in Paragraph 4.

5. Defendant Advocate is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce with a hospital located in Hazel Crest, Illinois. Advocate was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

ANSWER: Defendant admits the allegations and legal conclusions contained in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Ulit began working for Advocate on or about July 1997. At the time she was terminated, Ulit was employed as Medical Records Clerk. Throughout her employment, Ulit performed her job satisfactorily.

ANSWER: Defendant admits that Plaintiff began working for Advocate on July 28, 1997, and that, at the time of her termination, Plaintiff was employed as a Medical Records Clerk. Defendant denies the remaining allegations contanied in Paragraph 6.

7. In the year prior to April 2008, Ulit worked for Advocate on a full-time basis, and had worked more than 1,250 hours.

**ANSWER:** Defendant admits the allegations contained in Paragraph 7.

8. Advocate employs more than 100 employees at its Hazel Crest hospital.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8.

9. In early 2008, Ulit informed the Hospital that she would require maternity leave beginning on or around April 2008.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9.

10. Ulit's supervisor, Darla Lopez ("Lopez"), told Ulit that "she cannot go on maternity leave." Lopez had also expressed anger at the fact that another employee, Bonnie Whitfield, had been out on leave.

**ANSWER:** Defendant denies the allegations contained in Paragraph 10.

11. Ulit then bypassed Lopez, and Advocate ultimately granted Ulit's request for FMLA leave.

**ANSWER:** Defendant admits that Plaintiff's request for FMLA leave was granted by Advocate's Disability Council. Defendant denies that requests for FMLA leave are approved by an employee's Supervisor and, therefore, denies that Plaintiff "bypassed" her Supervisor, Darla Lopez.

12. On or about April 2, 2008, Ulit gave birth to her baby, and began her approved FMLA leave.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12.

13. On or about April 22, 2008, Ulit was contacted by Lopez. Lopez informed Ulit that she needed to report to the hospital for a meeting, even though Ulit was still out on her approved FMLA leave.

**ANSWER:**   Defendant admits that on April 21, 2008, Darla Lopez contacted Plaintiff and requested that she come to the Hospital for a meeting, and further admits that at the time of the telephone call Plaintiff was on her approved FMLA leave.

14. During the meeting on or about April 22, 2008, Lopez terminated Ulit for allegedly accessing patient information unnecessarily.

**ANSWER:**   Defendant admits that, during the April 22, 2008 meeting, Lopez informed Plaintiff that her employment was being terminated based Ulit's repeated violations of the Health Insurance Portability and Accountability Act ("HIPAA") and Defendant's policy and rules as a result of Plaintiff's having accessed multiple patient records unnecessarily and without authorization.

15. Ulit had not accessed patient information unnecessarily. The Hospital's stated reason for terminating Ulit is pretextual.

**ANSWER:**   Defendant denies that allegations contained in Paragraph 15.

16. Advocate unlawfully terminated Ulit in violation of the FMLA.

**ANSWER:**   Defendant denies the allegations and legal conclusions contained in Paragraph 16.

## COUNT I
### (FAMILY AND MEDICAL LEAVE ACT - FMLA INTERFERENCE)

17. Plaintiff incorporates paragraphs 1 through 16, as if fully incorporated herein.

**ANSWER:**   Defendant realleges and incorporates its answers to Paragraphs 1 through 16 as its answer to Paragraph 17.

18. By April of 2008, Ulit had been continuously employed by Advocate for more than ten years, and worked at least 1,250 hours during the twelve months immediately proceeding the date she was terminated.

-4-

**ANSWER:** Defendant admits the allegations contained in Paragraph 18.

19. Ulit was entitled to maternity leave for the birth of her child under the Family and Medical Leave Act, 29 U.S.C. § 2612.

**ANSWER:** Defendant admits the allegations and legal conclusions contained in Paragraph 19.

20. Advocate approved Ulit's request for FMLA leave.

**ANSWER:** Defendant admits the allegations contained in Paragraph 20.

21. Ulit was entitled to be reinstated to her former position or an equivalent position at the conclusion of her approved FMLA leave.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in Paragraph 21.

22. On or about April 22, 2008, while she was out on her approved FMLA leave, Advocate terminated Ulit in violation of 29 U.S.C. § 2615.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in Paragraph 22.

23. As a direct and proximate result of said acts, Ulit has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in Paragraph 23.

## COUNT II
## (FAMILY AND MEDICAL LEAVE ACT)

24. Plaintiff incorporates paragraphs 1 through 23, as if fully incorporated herein.

**ANSWER:** Defendant realleges and incorporates by reference its answers to Paragraphs 1 – 23 as its answer to Paragraph 24.

25. Ulit's termination was in retaliation for having exercised her rights under the FMLA.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in Paragraph 25.

26. The Hospital's stated rationale for terminating Ulit is a pretext for FMLA retaliation.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in Paragraph 26.

27. But for having taken FMLA leave and exercising her rights, Ulit would not have been terminated.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27.

28. Ulit's termination constitutes retaliation for having taken FMLA leave because of the birth of her child, in violation of the FMLA, 29 U.S.C. § 2615.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in Paragraph 28.

29. As a direct and proximate result of said acts, Ulit has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in Paragraph 29.

## AFFIRMATIVE DEFENSE

Advocate South Suburban Hospital, for its Affirmative Defense, states as follows:

On or about March 14, 2008, the Hospital received a Complaint from a patient that protected health information within HIPPA and other identifying information relating to the patient had been stolen while the person had been a patient in the Hospital. As a result of the

complaint, Defendant performed an audit in accordance with HIPPA. As a result of the audit, the Hospital discovered that Plaintiff repeatedly, and without either necessity or authorization, accessed the patient's records. The discovery that Plaintiff had violated HIPPA and defendant's policy and rules led to further investigation, which revealed that Plaintiff had accessed multiple patient records without either necessity or authorization. When asked, Plaintiff was unable to provide any explanation for having accessed the patients' records and, therefore, Defendant terminated Plaintiff's employment due to the failure to adhere to Defendant's policies, rules, and HIPPA. Defendant had a legitimate, non-discriminatory/non-retaliatory reason for the decision to terminate Plaintiff's employment.

WHEREFORE, Defendant Advocate South Suburban Hospital requests that judgment be entered in its favor and against the Plaintiff, Jing Ulit, and that the Court award it such other relief as is just.

Dated: June 6, 2008

Respectfully Submitted,

**ADVOCATE SOUTH SUBURBAN HOSPITAL**

By: _____
One of Its Attorneys

Douglass G. Hewitt (062 04299)
Neal Gerber & Eisenberg LLP
Two North LaSalle Street
Suite 2200
Chicago, IL 60602
Telephone: (312) 269-8481
Facsimile: (312) 269-1747

NGEDOCS: 1537775.1

-2-

## CERTIFICATE OF SERVICE

Douglass G. Hewitt, an attorney, certify that he caused this Notice and Defendant's *ANSWER TO COMPLAINT* to be served upon counsel of record listed below via first class U.S. mail, postage prepaid, on June 6, 2008, from 200 North LaSalle Street, Chicago, Illinois, before the hour of 5:00 p.m.

           Alejandro Caffarelli
           Caffarelli & Siegel Ltd
           180 North Stetson – Ste. 3150
           Chicago, IL  60601

           _____
           Douglass G. Hewitt