# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JING ULIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 2698 |
| ) | |
| ADVOCATE SOUTH SUBURBAN HOSPITAL, ) | Judge Robert M. Dow, Jr. |
| ) | Magistrate Judge Denlow |
| Defendant. ) | |

## MODIFIED STIPULATED JOINT QUALIFIED PROTECTIVE ORDER

The Privacy Rule, as issued and amended by the U.S. Department of Health and Human Services, and codified in 45 C.F.R. § 160 and 45 C.F.R. § 164 (the "Rule"), provides that the use or disclosure of "protected health information," as defined in 45 C.F.R. § 160.103, by "covered entities" and their "business associates" may only occur under certain circumstances, and, thereafter, only if certain precautions are taken to restrict the dissemination of such information. Specifically, 45 C.F.R. § 164.512(e) permits the use and disclosure of protected health information in a judicial proceeding so long as the parties have made "satisfactory assurances," including, *inter alia*, establishing an agreed qualified protective order.

As it may be necessary or desirable to take discovery of such protected health information, and the parties hereto, admittedly "covered persons" or "covered entities," and their counsel, admittedly "business associates," therefore desire to obtain an agreed qualified protective order to comply with the Rule and restrict dissemination of such information and to prevent disclosure thereof, including on the public record:

It is hereby stipulated, between Plaintiff, Jing Ulit, and Defendant, Advocate South Suburban Hospital, and it is hereby ordered, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for good cause shown, that the following provisions shall govern the handling of such information and documents in these proceedings:

1. This Order shall be applicable to and govern all documents that may be furnished and all information that may be disclosed in connection with this litigation to any party by any other person, and specifically designated as "Protected Health Information," except any document or information in the public domain. For purposes of this Order, the term "information" includes, but is not limited to, information provided in interrogatories and testimony given in depositions.

2. No party shall furnish any document or disclose any information designated "Protected Health Information" pursuant to this Order except as provided herein.

3. Any party furnishing one or more written documents who believes such documents represent protected health information, and are subject to and governed by the terms of this Order, shall advise counsel for all other parties in writing of the confidentiality thereof.

4. Any party issuing or providing answers to interrogatories who believes such documents represent protected health information, and are subject to and governed by the terms of this Order shall advise counsel for all other parties in writing of the confidential nature of the information thereof.

5. Portions of deposition testimony and transcripts may be designated as "protected health information" and subject to and governed by the terms of this Order by advising counsel present at the deposition that such testimony relates to or represents protected health information. The transcript of the testimony designated "protected health information" shall be bound in a

separate volume and marked "CONFIDENTIAL, Subject to Protective Order" by the court reporter. The parties shall take reasonable precautions to ensure that all persons not subject to this Order are excluded from depositions, or any portion thereof, involving testimony which the parties designate as "protected health information" under this Order.

6. The documents or information designated "protected health information" pursuant to this Order:

(a) shall not be disclosed or distributed by any Receiving Party or its counsel to any person other than to (1) counsel of record for either party, (2) officers, directors, agents, employees of either party, (3) consulting experts hired by either party who are assisting counsel in preparation of this action for trial, (4) witnesses that have agreed to be bound by the Protective Order, and (5) the Court and its employees;

(b) shall not be used by any person for any other lawsuit or for any purpose other than the preparation for and trial of this case, or any suit arising out of the facts or circumstances of this case, except where required by court order after reasonable notice is given to counsel for all parties;

(c) shall not be disclosed to any person unless the provisions of Paragraph 7 of this Order are agreed to and followed; and

(d) shall be filed with the Court, should filing be desired or required, only in a sealed envelope or container, and shall not be disclosed by the Clerk or any other person except upon further order of this Court, and after reasonable notice is given to counsel for all parties. On the sealed envelope or container shall be affixed the title of this action and a statement in the following form: *after the parties have complied with Local Rules 5.8 and 26.2,*

-3-

> **PROTECTED HEALTH INFORMATION** – This envelope contains documents or information that have been filed in this case by _____ [name of disclosing person/entity] and are not to be opened nor the contents thereof to be displayed or revealed except by the Court or upon Order of the Court. The contents of this envelope or container are not part of the public record of this case.

7. Prior to disclosing any Protected Health Information to any person, counsel for the respective parties shall first have the Receiving Person read this Order and explain the contents of this Order to that person. The Receiving Person shall agree to be bound by the terms of this Order and, for all persons in the categories identified in subparagraph 6(a)(3) and (4) of this Order, shall execute an affidavit in the form attached as Exhibit "1" hereto. Counsel for the respective parties shall maintain the originals of all such affidavits.

8. The Court may, at any time, examine and review *in camera* any document or information governed by this Order.

9. No party or other person may withhold information from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for and obtains from the Court an order providing such special protection. Any such motion must be made within a reasonable time after the discovery is sought.

10. The designation of "Protected Health Information" may be challenged by any person upon motion to the Court. The movant must accompany such a motion with the statement detailing efforts to resolve disagreements among the parties or their counsel.

11. At the conclusion of all proceedings in this litigation, all documents governed by the terms of this Order (and all copies of the documents) shall either be (a) returned to the person who furnished the documents by any person in possession thereof; or (b) destroyed.

12. This Order shall not be construed as a waiver of the attorney/client privilege and/or work product doctrine, both of which shall govern the particular rights and obligations of any party with respect to the disclosure of documents and/of information.

**IT IS SO ORDERED.**

Dated: ~~June 26,~~ Jul 30, 2008

7-30-2008

By: _____/s/_____
        Judge

STIPULATED AND AGREED:

By: /s/ Alejandro Cafferolli
    Attorney for Plaintiff

    Alejandro Caffarelli
    Caffarelli & Siegel Ltd.
    180 North Stetson Street
    Suite 3150
    Chicago, IL 60601
    Telephone: (312) 540-1230
    Facsimile: (312) 540-1231

By: /s/ Douglass G. Hewitt
    Attorney for Defendant

    Douglass G. Hewitt (062 04299)
    Neal Gerber & Eisenberg LLP
    Two North LaSalle Street
    Suite 2200
    Chicago, IL 60602
    Telephone: (312) 269-8481
    Facsimile: (312) 269-1757

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JING ULIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 2698 |
| ) | |
| ADVOCATE SOUTH SUBURBAN HOSPITAL, ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendant. ) | Magistrate Judge Denlow |

**AFFIDAVIT OF [NAME] PURSUANT TO STIPULATED JOINT QUALIFIED PROTECTIVE ORDER WITH RESPECT TO PROTECTED HEALTH INFORMATION**

I, [NAME], being first duly sworn, deposes and says:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have read and know the contents of the Stipulated Joint Qualified Protective Order dated _____, 2008 ("Protective Order"), in the above-entitled matter.

5. I am one of the persons described in the Protective Order, and I am executing this Affidavit and agreeing to be bound by its terms in order to satisfy the conditions provided in the Protective Order prior to the disclosure to me of any documents or testimony and/or the information contained therein.

6. I expressly represent and agree that:

    (a) I have read and I shall be fully bound by the terms of the Protective Order;

-6-

(b) All such documents and information, which are disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence and I shall not disclose or use the original or any copy of, or the subject of, the documents except in accordance with the Protective Order;

(c) I shall not make or cause to be made any copy of any such document or information in any form whatsoever;

(d) I shall not use or refer to any of the documents or the information or contents thereof, or copies thereof, other than in connection with the above-entitled action and as provided in the Protective Order; and

(e) I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel for the respective producing parties herein, and I shall destroy any notes and memoranda I have regarding the same.

7. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be, for the enforcement of the Court's Order to be entered as provided herein.

Dated: _____          By: _____

NOEDOCS: 1543492.1