UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JING ULIT<br><br>    Plaintiff,<br><br>v.<br><br>ADVOCATE SOUTH SUBURBAN HOSPITAL<br><br>    Defendant. | No. 08 C 2698<br><br>Judge Dow<br>Magistrate Judge Denlow |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF MATERIALS
PURSUANT TO SUBPOENA DUCES TECUM**

Plaintiff, Jing Ulit, by and through her attorney, Caffarelli & Siegel Ltd., and pursuant to Fed. R. Civ. P. 45 moves to compel the Illinois Department of Employment Security ("IDES") to produce for Plaintiff's inspection and copying the documents and other records subpoenaed by Plaintiff which IDES has refused to produce. In support of this Motion, Plaintiff states:

1. On July 16, 2008, Plaintiff caused to be served upon the IDES the subpoena attached hereto as Exhibit A.

2. Plaintiff sought the production of the transcript to her July 1, 2008, IDES hearing.

3. The IDES was to produce the subpoenaed documents on August 15, 2008.

4. On August 7, 2008, Richard S. Grenvich, an Assistant Illinois Attorney General, spoke with Plaintiff's counsel and advised him that even though the Seventh Circuit has held that the federal courts are not restricted by state privileges, the IDES could not legally release any documents without a court order declaring the relevance of the requested materials. See EEOC v. IDES, 995 F.2d 106 (7th Cir. 1993), attached as Ex. B.

5.      In a letter dated August 7, 2008, Mr. Grenvich wrote to Plaintiff's counsel stating that the IDES was asserting a state law privilege against production of any agency documents pursuant to Section 1900 of the Unemployment Insurance Act, 820 Ill. Comp. Stat. 450/1900, and that without a court order, IDES could not legally release any of the documents. (Letter from Grenvich to Manewith, attached as Ex. C.)

6.      The Seventh Circuit has held in U.S. v. Wilson, 960 F.2d 48 (7th Cir. 1992), cert. denied, 506 U.S. 896 (1992), and EEOC v. IDES, 995 F.2d 106 (7th Cir. 1993), that the state law privilege provided by Section 1900 of the Unemployment Insurance Act does not apply to actions brought under federal law. In Tutman v. WBBM-TV/CBS, Inc., No. 96 C 4424, 1997 WL 548556 (N.D. Ill. 1997) (a copy of which is attached as Ex. D), this Court ordered the IDES to produce documents pursuant to a subpoena that the IDES claimed were privileged. Similarly, this Court ordered the IDES to produce documents related to an unemployment hearing in Papala v. Tri-Express, Inc., No. 07-cv-04793 (N.D. Ill. Jan. 30, 2008) (Shadur, J.) (a copy of the minute order is attached as Ex. E).

7.      The circumstances of our case are closely analogous to those described in Tutman, and the reasoning applied in that case pertains to our case, as well. Both Defendant and Plaintiff appeared at the IDES hearing, and it is Plaintiff (and not a third party) who seeks documentation of the hearing. See Tutman, 1997 WL 548556 at *2. Further, Plaintiff seeks said information strictly for use in litigation involving the same nucleus of facts as those examined during the IDES hearing. See Id.

8.      Under Seventh Circuit law, the Court must determine that the evidence sought is relevant to the case and that compliance with the subpoena is not excessively burdensome. EEOC, 995 F.2d at 109.

9. The documents requested by the subpoena are relevant to this action. Plaintiff alleges that Defendant unlawfully interfered with her rights under the Family and Medical Leave Act ("FMLA"), and that the Defendant terminated her in violation of the FMLA. Defendant has proffered numerous and varying explanations for its alleged unlawful activity. The materials sought by Plaintiff in the subpoena contain information relating to the same nucleus of facts as those in the instant claim, as they contain information relating to Plaintiff's Defendant's motivations for terminating Plaintiff's employment. This information is relevant to this matter pursuant to Fed. R. Evid. 401 and discoverable pursuant to Fed. R. Civ. P. 26.

10. The sole basis for IDES's objection is the state law privilege under Section 1900. The IDES has not refused to obey the subpoena on the grounds that the cost of the production would be "excessively burdensome."

11. Because no state law privilege applies, and because the materials sought by Plaintiff are relevant to this case and production of same would not be unduly burdensome to the IDES, this Court should compel IDES to comply with the terms of the subpoena and produce the requested documents to Plaintiff within five (5) business days.

WHEREFORE, Plaintiff respectfully requests this Court to compel the Illinois Department of Employment Security to produce the materials responsive to the subpoena properly served upon it within five (5) business days and for such other and further relief as this Court deems just.

Dated: August 19, 2008                          Respectfully submitted,

Caffarelli & Siegel Ltd.                        JING ULIT
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230                             By: /s/ Bradley Manewith
Fax (312) 540-1231                                  Bradley Manewith

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of the foregoing Motion to Compel Production of Materials pursuant to Subpoena Duces Tecum was served upon the following party via facsimile and U.S. Mail on August 19, 2008:

Richard S. Grenvich
Assistant Attorney General
Illinois Department of Employment Security
57 S. Wells St.
Chicago, IL 60607
Fax (312) 793-4459

A copy of the foregoing Motion to Compel was served upon the following party via electronic filing with ECF in the Northern District of Illinois on August 19, 2008:

Mr. Douglass G. Hewitt
Neal Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602


Courtesy copies delivered to chambers of Judge Dow within 24 hours of filing via hand delivery.

                   /s/ Bradley Manewith
                   Attorney for Plaintiff

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Illinois |

Jing Ulit

V.

Advocate South Suburban Hospital

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 C 2698

TO: Illinois Department of Employment Security
c/o Hilda Whittington - Department of Appeals
33 S. State St., 9th Floor, Chicago, IL 60603

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A copy of the transcript of the hearing on appeal between Jing Jing Reyes Ulit and Advocate Health Hospital Corp., Appeal Docket AR-8024884A, which was held on July 1, 2008.

| PLACE  Caffarelli & Siegel Ltd., 180 N. Stetson, Suite 3150, Chicago, IL 60601 | DATE AND TIME  8/15/2008 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | 7/28 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bradley Manewith, Caffarelli & Siegel Ltd., Two Prudential Plaza, 180 N. Stetson, Suite 3150, Chicago, IL 60601

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 7/16/2008 | Certified Mail (return receipt requested) and U.S. Mail |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Hilda Whittington - Department of Appeals | Certified Mail (return receipt requested) and U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Bradley Manewith | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   7/16/2008
              DATE

SIGNATURE OF SERVER

Caffarelli & Siegel Ltd., 180 N. Stetson, Suite 3150
ADDRESS OF SERVER

Chicago, IL  60601

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Westlaw.

995 F.2d 106 Page 1
995 F.2d 106, 61 Fair Empl.Prac.Cas. (BNA) 1385, 61 Empl. Prac. Dec. P 42,266, 61 USLW 2738, 37 Fed. R. Evid. Serv. 1004

**H**
E.E.O.C. v. Illinois Dept. of Employment Sec.
C.A.7 (Ill.),1993.

United States Court of Appeals,Seventh Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellee.
No. 92-3013.

Argued May 13, 1993.
Decided May 26, 1993.

Equal Employment Opportunity Commission sought enforcement of subpoena seeking transcript of Illinois unemployment compensation proceeding. The United States District Court for the Northern District of Illinois, Wayne R. Andersen, J., refused to enforce subpoena, ruling that state agency's interest in confidentiality under state statute making unemployment compensation proceedings confidential outweighed federal agency's interest in conducting its investigation. EEOC appealed. The Court of Appeals, Easterbrook, Circuit Judge, held that EEOC was entitled to transcript of hearing despite Illinois statute making unemployment compensation proceedings confidential.

Reversed.

West Headnotes

**[1] States 360 ⇌18.5**

360 States
  360I Political Status and Relations
    360I(B) Federal Supremacy; Preemption
      360k18.5 k. Conflicting or Conforming Laws or Regulations. Most Cited Cases
When state and federal statutes clash, Supremacy Clause of Constitution gives federal statute controlling force.

**[2] Federal Courts 170B ⇌416**

170B Federal Courts
  170BVI State Laws as Rules of Decision
    170BVI(C) Application to Particular Matters
      170Bk416 k. Evidence Law. Most Cited Cases
State privileges are honored in federal litigation only when state law supplies rule of decision; when federal law governs, only privileges recognized by national government matter. Fed.Rules Evid.Rule 501, 28 U.S.C.A.

**[3] Witnesses 410 ⇌216(1)**

410 Witnesses
  410II Competency
    410II(D) Confidential Relations and Privileged Communications
      410k216 Communications to or Information Acquired by Public Officers
        410k216(1) k. In General; Official or Governmental Privilege. Most Cited Cases
State statutory unemployment compensation privilege making unemployment compensation proceedings confidential did not apply to preclude enforcement of Equal Employment Opportunity Commission subpoena seeking copy of transcript of state unemployment proceeding relevant to EEOC investigation. National Labor Relations Act, § 11, as amended, 29 U.S.C.A. § 161; Civil Rights Act of 1964, § 709, 42 U.S.C.A. § 2000e-8(a); Fed.Rules Evid.Rule 501, 28 U.S.C.A; S.H.A. 820 ILCS 405/1900.

*107 Paula R. Bruner, E.E.O.C., Office of Gen. Counsel, Washington, DC, for plaintiff-appellant.
Roland W. Burris, Jan E. Hughes, Asst. Atty. Gen., Office of the Atty. Gen., Civ. Appeals Div., Richard S. Grenvich, Chicago, for defendant-appellee.

Before CUMMINGS, POSNER, and EASTERBROOK, Circuit Judges.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT B

995 F.2d 106                                                                                                                    Page 2
995 F.2d 106, 61 Fair Empl.Prac.Cas. (BNA) 1385, 61 Empl. Prac. Dec. P 42,266, 61 USLW 2738, 37 Fed. R. Evid. Serv. 1004

EASTERBROOK, Circuit Judge.
Believing that the transcript of an unemployment compensation hearing contains evidence relevant to an investigation it is conducting, the Equal Employment Opportunity Commission asked the Illinois Department of Employment Security for a copy. The IDES refused, citing a state statute making unemployment compensation proceedings confidential. 820 Ill.Comp.Stat. § 405/1900. The EEOC then asked the district court to enforce a subpoena for the transcript. The Commission is entitled to "any evidence ... that relates to unlawful employment practices covered by [the laws it administers] and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). When a person refuses to provide relevant information, the EEOC may apply to a court for aid. 42 U.S.C. § 2000e-9, incorporating the subpoena provision of the National Labor Relations Act, 29 U.S.C. § 161. A district judge concluded that the transcript of the unemployment proceeding is indeed relevant to the EEOC's proceeding. But the judge refused to order the IDES to give the EEOC a copy, ruling that the state agency's interest in confidentiality outweighs the federal agency's interest in conducting its investigation. 1992 WL 159480, 1992 U.S.Dist. LEXIS 9236.

[1][2] When state and federal statutes clash, the Supremacy Clause of the Constitution gives the federal statute controlling force. Rule 501 of the Federal Rules of Evidence reinforces this message in the domain of evidentiary privileges. State privileges are honored in federal litigation only when state law supplies the rule of decision. When federal law governs, as it does here, only privileges recognized by the national government matter. Because state law does not apply, Rule 501 tells us to use "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Unless we absorb the state's unemployment-insurance privilege into the common law of the United States, the EEOC's subpoena must be enforced. Cf. *Memorial Hospital v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1981) (incorporating one state privilege as a matter of comity). That the IDES is a third party rather than the complainant's employer does not matter. Nothing in §§ 2000e-8(a) and 161 distinguishes third-party subpoenas from others for purposes of evidentiary privileges.

[3] Federal common law recognizes many privileges, and the traditional ones are available even though a federal agency invokes a broad statutory power to gather evidence. E.g., *Upjohn Co. v. United States,* 449 U.S. 383, 397-99, 101 S.Ct. 677, 686-87, 66 L.Ed.2d 584 (1981) (summonses issued by the IRS under 26 U.S.C. § 7602 are subject to established privileges such as the attorney work-product doctrine). *University of Pennsylvania v. EEOC,* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990), warns against augmenting the list. A university contended that the disclosure of details about evaluations of candidates for tenure would jeopardize the advancement of knowledge by interfering with candid, and thus accurate, assessment of academic achievements and potential. The Court conceded that disclosure might have such effects but concluded that existing law nonetheless entitled the Commission to obtain the information. Courts should honor statutes granting access to information. *University of Pennsylvania* joined other recent decisions that have declined*108 opportunities to create new evidentiary privileges or expand old ones. E.g., *Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972).

An unemployment-insurance privilege is no more compelling than an academic-deliberation privilege or a reporters'-source privilege (the subject of *Branzburg*); indeed it is less so. Illinois justifies its privilege as a way to encourage truthful and complete disclosure to state officials; people who do not fear that evidence will fall into the hands of persons who may use it against them will be more forthcoming, the argument goes. This is far from clear; one could as readily say that people who know that third parties will not examine the evidence have

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-02698    Document 16-2    Filed 08/19/2008    Page 5 of 11

995 F.2d 106                                                                                                    Page 3
995 F.2d 106, 61 Fair Empl.Prac.Cas. (BNA) 1385, 61 Empl. Prac. Dec. P 42,266, 61 USLW 2738, 37 Fed. R. Evid.
Serv. 1004

less to fear from telling lies-for the truth is less likely to emerge. Perhaps secrecy emboldens workers to seek unemployment benefits, freeing them from the fear that the employer will reply by advancing "cause" for the discharge that will hinder their efforts to find other jobs. Again, however, this is a two-edged argument: an employee with less to fear from calumny is more likely to claim benefits to which he is entitled, but secrecy also enables employees to bamboozle other employers by hiding the true reasons for their separations. Finally, Illinois tells us that confidentiality makes adjudication of requests for unemployment compensation simpler. Administrative convenience has never been an adequate reason to keep evidence out of prosecutors' hands. See *United States v. Wilson,* 960 F.2d 48 (7th Cir.1992), holding that Illinois must disclose unemployment compensation records to a federal prosecutor for use in a mail fraud case. The EEOC investigates and prosecutes civil rights cases; it has no lesser entitlement to these records.

Unless a federal statute diminishes the EEOC's access to unemployment data. Perhaps one has. The Illinois privilege statute contains numerous exceptions, drawn in accord with 42 U.S.C. § 503. Congress demanded that states make their unemployment compensation records fully available to the Railroad Retirement Board, § 503(c)(1), and provide selected information to other federal agencies, such as the Department of Agriculture for use in operating the food stamp program, § 503(d)(1)(A). This sets up a skirmish of interpretive maxims. Illinois invokes *expressio unius est exclusio alterius:* having given designated federal agencies access to specified unemployment records, Congress implicitly excluded other federal agencies from unbridled access to these documents. The EEOC responds with the presumption that Congress knows the law. Section 503 was part of the unemployment compensation system long before Congress created the EEOC's investigatory powers; surely Congress would have written down any limitations on the new powers that it established. Illinois reflects this argument back at the EEOC by observing that § 503 was last amended in 1992, long after the EEOC received its powers; surely Congress would have included the EEOC in § 503 had it wanted the EEOC to obtain unemployment records, the state insists.

Such badminton with the canons of construction does nothing beyond demonstrating their limited utility. Far better to examine the statutes themselves. Three aspects of the laws at issue provide essential information about their meaning. First, § 503 sets conditions on which the federal government will reimburse states for part of the cost of their unemployment insurance programs. States may accept these conditions and receive federal money or decline the conditions and operate their programs as they choose. Federal strings attached to this compensation are most sensibly understood as creating access to information *beyond* what the agencies otherwise would possess, not as revoking other rights of access. In other words, § 503 curtails state confidentiality statutes, not federal subpoena powers. Second, § 503 establishes *routine* access to information. The state must turn over information for tax and food stamp purposes automatically. Section 503 deals with the legal consequences of unemployment compensation-the tax collector receives data so that the benefits may be taxed, the Department of Agriculture so that income may be reflected properly in the food stamp program, and so on-while other statutes govern access to information that is relevant to other programs. Nothing in *109 § 503 deals with non-routine access. Before enforcing a subpoena, a federal judge must determine that the evidence sought is relevant to an ongoing investigation and that the demand is not excessively burdensome. Cf. *EEOC v. Shell Oil Co.,* 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984). Third, the EEOC's own statutes provide for confidentiality. As the Court stressed in *University of Pennsylvania,* "[t]he same § 2000e-8 which gives the Commission access to any evidence relevant to its investigation also makes it 'unlawful for any officer or employee of the Commission to make public in any manner whatever any information ob-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

995 F.2d 106                                                                                                     Page 4
995 F.2d 106, 61 Fair Empl.Prac.Cas. (BNA) 1385, 61 Empl. Prac. Dec. P 42,266, 61 USLW 2738, 37 Fed. R. Evid. Serv. 1004

tained by the Commission pursuant to its authority under this section prior to the institution of any proceeding' under the Act.... Congress apparently considered the issue of confidentiality, and it provided a modicum of protection." 493 U.S. at 192, 110 S.Ct. at 584. Section 503 can exist comfortably alongside § 2000e-8; each serves an independent purpose.

Illinois reminds us that *Herman Brothers Pet Supply, Inc. v. NLRB,* 360 F.2d 176, 179-80 (6th Cir.1966), held that a state statutory unemployment-compensation privilege prevented the use of information in a proceeding before the NLRB. Because the EEOC has the same evidence-gathering powers as the NLRB, Illinois insists, the EEOC is equally limited. *Herman Brothers* predates both *University of Pennsylvania* and the adoption of Fed.R.Evid. 501. The sixth circuit assumed that state privileges apply in federal litigation. That assumption is no longer warranted.

REVERSED.

C.A.7 (Ill.),1993.
E.E.O.C. v. Illinois Dept. of Employment Sec.
995 F.2d 106, 61 Fair Empl.Prac.Cas. (BNA) 1385, 61 Empl. Prac. Dec. P 42,266, 61 USLW 2738, 37 Fed. R. Evid. Serv. 1004

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

STOCK NO. 4247
L-11 3/04



Bureau of
Unemployment Insurance

**Lisa Madigan**
Attorney General
State of Illinois
Chicago

33 South State Street-Suite 992
Chicago, Illinois 60603
Telephone: 312-793-6960

August 7, 2008

Mr. Bradley Manewith
Caffarelli & Siegel, Ltd.
Two Prudential Plaza
180 North Stetson-Suite 3150
Chicago, Illinois 60601

                RE: Subpoena for the Records of:
                    Jing Ulit
                    SS#N/A

Dear Mr. Manewith:

    This letter will serve as a response to the subpoena sent to the Illinois Department of Employment Security.

    Section 1900 of the Illinois Unemployment Insurance Act, 820 ILCS 405/1900 forbids the production and disclosure of any agency documents. Therefore, without a court order, the Illinois Department of Employment security cannot legally release any of these documents. If you wish to pursue the release of the documents, I suggest you review <u>EEOC v. IDES</u>, 995 F.2d 106 (7th Cir. 1993).

    Should you have any questions, please feel free to contact me.

                             Very truly yours,

                             LISA MADIGAN
                             Attorney General
                             State of Illinois

                             RICHARD S. GRENVICH
                             Assistant Attorney General

RSG/dls
Attachment

EXHIBIT
C

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 548556 (N.D.Ill.), Unempl.Ins.Rep. (CCH) P 22,199

Page 1

C
Tutman v. WBBM-TV/CBS Inc.
N.D.Ill.,1997.

United States District Court, N.D. Illinois.
Robert TUTMAN, Plaintiff,
v.
WBBM-TV/CBS INC., Defendant.
No. 96 C 4424.

Sept. 3, 1997.

John P. Rose, Anthony T. Capua, John P. Rose and Associates, Burr Ridge, Illinois, for plaintiff.
Linda L. Listrom, Debbie L. Berman, Jenner & Block, Chicago, Illinois, for defendant CBS.

### MEMORANDUM OPINION AND ORDER

MORTON DENLOW, United States Magistrate Judge.
*1 Plaintiff filed a three count Second Amended Complaint against his employer WBBM-TV/CBS Inc. ("WBBM"), and a co-worker, Robert Vasilopulos ("Vasilopulos"). Counts I and II are state law tort claims directed at Vasilopulos which were previously dismissed. Count III is directed solely at WBBM and charges it with race discrimination in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981. Now before the Court is Defendant CBS Inc.'s ("CBS") Motion to Compel Production of Documents from Non-Party Illinois Department of Employment Security ("IDES"). For the reasons stated below, Defendant's motion is granted pursuant to a protective order.

### I. BACKGROUND FACTS

On July 17, 1997 CBS served a subpoena on non-party IDES seeking a transcript of a February 10, 1997 hearing conducted by the IDES regarding Tutman's successful appeal of the local office decision denying him unemployment benefits. Tutman appeared and testified before a hearing referee. CBS, while having the right to attend the hearing, did not appear.

Plaintiff sought unemployment benefits as a result of being terminated from his employment with CBS. Findings of fact were prepared by the referee. The referee found that:

The claimant worked for the employer for about 25 years until he was discharged on November 22, 1996, after he refused to return to work on that date. The claimant had been off work since May, when he was called a nigger and threatened with a gun by his manager. The claimant informed all levels of management about the occurrence, but the employer decided that it had been a joke, and merely sent the manager to "sensitivity" training. The claimant believed himself to be in danger from the manager and expected the employer to take firmer action. The claimant refused to return because he believed himself to be in danger.

CBS seeks a transcript of the initial hearing to review Tutman's testimony for any admissions or inconsistencies with the deposition testimony he gave in this case.

IDES acknowledges proper service of the subpoena and relevancy of the requested documents to the current litigation. However, IDES objects to producing the documents on the basis that disclosure of the material is prohibited by § 1900 of the Illinois Unemployment Insurance Act. 820 ILCS 405/1900.

### II. DISCUSSION

§ 1900 states in relevant part that:

A. Except as provided in this Section, information obtained from any individual or employing unit during the administration of this Act shall:

1. be confidential,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT
D

Case 1:08-cv-02698    Document 16-2    Filed 08/19/2008    Page 9 of 11

Not Reported in F.Supp.                                                                                           Page 2
Not Reported in F.Supp., 1997 WL 548556 (N.D.Ill.), Unempl.Ins.Rep. (CCH) P 22,199

2. not be published or open to public inspection,

3. not be used in any court in any pending action or proceeding,

4. not be admissible in evidence in any action or proceeding other than one arising out of this Act.

B. No finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act shall be admissible or used in evidence in any action other than one arising out of this Act, nor shall it be binding or conclusive except as provided in this Act, nor shall it constitute res judicata, regardless of whether the actions were between the same or related parties or involved the same facts.

*2 C. Any officer or employee of this State who, except with authority of the Director under this Section, shall disclose information, shall be guilty of a Class B misdemeanor and shall be disqualified from holding any appointment or employment by the State.

820 ILCS 405/1900.

CBS argues that in a federal cause of action, IDES is permitted to produce the requested documents because the Supremacy Clause of the Constitution pre-empts Illinois' privilege claim. CBS relies on the Seventh Circuit's decision in *Equal Employment Opportunity Commission v. Illinois Department of Employment Security,* 995 F.2d 106 (7th Cir.1993). in *EEOC v. IDES,* the EEOC served a subpoena on the IDES seeking a copy of a transcript of an unemployment compensation hearing. *Id.* at 107. The IDES refused to comply with the subpoena, claiming that such documents were privileged from production by § 1900 of the Illinois Unemployment Insurance Act. *Id.* The Court, in reversing the district court's refusal to enforce the subpoena, held that Illinois privilege did not shield the IDES from responding to a subpoena issued by a federal agency because where Congress gives a federal agency subpoena powers, the Supremacy Clause of the Constitution gives the federal statute controlling force. *Id.* at 106.

The EEOC is permitted by 42 U.S.C. § 2000e-9, incorporating the subpoena provision of the National Labor Relations Act, 29 U.S.C. § 161, to petition a court for redress should anyone fail to provide relevant information to an investigation. *Id.* Therefore, the subpoena power granted to the EEOC is by federal statute which pre-empts any state law which impedes that power. *See (U.S. v. Wilson,* 960 F.2d 48, 50 (7th Cir.1992) (Illinois statute creating privilege for unemployment records did not outweigh federal government's strong interest in enforcing federal criminal statutes).*EEOC v. IDES* does not control the case at bar because there is no conflicting federal statute. Rather, the issue is one of discovery under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

In deciding whether to apply State privileges to Federal causes of action we must look to Federal Rule of Evidence 501. Rule 501 states that in cases where state law does not provide the rule of decision, courts are to use "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Therefore, the issue becomes whether, under principles of comity, this court should adopt the Illinois' privilege contained in § 1900.

Making a determination under Rule 501 requires consideration of two factors. *Ryan v. Commissioner of Internal Revenue,* 568 F.2d 531, 543 (7th Cir.1977), *cert. denied,*439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978). First, evidentiary privileges that exclude relevant evidence are not favored and, where recognized, must be narrowly construed. *U.S. v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). Second, recognition of the privilege should be considered in light of the particular circumstances of the case in which the issue arises. A court should "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-02698   Document 16-2   Filed 08/19/2008   Page 10 of 11

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1997 WL 548556 (N.D.Ill.), Unempl.Ins.Rep. (CCH) P 22,199

protect that relationship in the factual setting of the case." *Ryan v. Commissioner of Internal Revenue,* 568 F.2d 531, 543 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978).

*3 We hold that the privilege should not be applied in this case to bar CBS' receipt of a copy of the hearing tape for several reasons. First, CBS, as the employer, had the right to attend the initial hearing. The confidentiality of the unemployment proceedings are not designed to shield the employer from receiving any information provided at a hearing which it may attend. CBS is not asking for information that it would not otherwise have been privy to if it had chosen to attend the hearing. Therefore, plaintiff had every reason to expect that CBS would hear and be aware of his testimony. This is not a situation where a third party is seeking the information. Second, the factual circumstances surrounding plaintiff's claims for unemployment compensation and discrimination derive from the same nucleus of facts. Third, by insuring limited disclosure of the information, through a protective order, federal courts can protect the state's interest in limiting access to the transcript. Lastly, disclosure of relevant evidence assists in the just, speedy, and inexpensive determination of cases. Therefore, IDES is ordered to produce a copy of the tape of the hearing or a transcript to CBS. The transcript shall be used only for the purposes of this litigation and all copies of the transcript shall be destroyed or returned to IDES within thirty-five days after the final resolution of this litigation, including all appeals.

### III. CONCLUSION

For the foregoing reasons, **Defendant's Motion to Compel Production of Documents from Non-Party Illinois Department of Employment Security is GRANTED pursuant to a protective order.**

N.D.Ill.,1997.
Tutman v. WBBM-TV/CBS Inc.
Not Reported in F.Supp., 1997 WL 548556 (N.D.Ill.), Unempl.Ins.Rep. (CCH) P 22,199

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
Eastern Division

Zbigniew Papala
                            Plaintiff,
v.                                              Case No.: 1:07−cv−04793
                                                Honorable Milton I. Shadur
Tri−Express, Inc.
                            Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, January 30, 2007:

    MINUTE entry before Judge Milton I. Shadur :Motion to compel [28] is granted; Motion to quash [30] is denied; Motion hearing held on 1/30/2007 regarding motion to compel[28], motion to quash[30] Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

