# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JING ULIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 cv 2698 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ADVOCATE SOUTH SUBURBAN ) | |
| HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's request for liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii). The Court has received full briefing on the matter [see 62, 63, 64]. For the reasons stated below, Plaintiff's request is granted. In addition, because there are no further issues remaining for decision, the Court enters a final judgment in favor of Plaintiff and against Defendant.

**I.    Background**

This case was tried before a jury in October 2009. The jury returned a verdict [55] in favor of Plaintiff Jing Ulit, finding that Defendant Advocate South Suburban Hospital had interfered with Plaintiff's Family and Medical Leave Act ("FMLA") rights. The jury also found that Plaintiff had proven by a preponderance of the evidence that her decision to take FMLA leave was a motivating factor in Defendant's decision to terminate Plaintiff's employment and that Defendant failed to prove by a preponderance of the evidence that it would have terminated Plaintiff at the same time even if she had not taken FMLA leave. Finally, in an advisory verdict,

the jury determined that Defendant did not show that it acted in good faith in connection with its decision to terminate Plaintiff's employment.

Shortly after trial, the parties submitted a stipulation [58] in which Plaintiff agreed to forego any claim to equitable relief in exchange for Defendant's agreement not to pursue post-trial motions or any appeal of issues other than attorneys' fees and liquidated damages. Defendant subsequently filed another stipulation [61] agreeing that Plaintiff's request for attorneys' fees and costs was reasonable, thereby leaving in dispute only the issue of whether an award of liquidated damages is appropriate on the facts of this case. The parties have fully briefed that last remaining issue, which is now ready for decision.

## II. Analysis

The FMLA authorizes district courts to award liquidated double damages against employers who violate the statute. See 29 U.S.C. § 2617(a)(1)(A)(iii). Liquidated damages are "mandatory unless the district court finds that the defendant-employer was acting in good faith and reasonably believed that its conduct was consistent with the law." *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998).[1] "The employer bears a substantial burden in showing that it acted in good faith and with reasonable grounds to believe that its actions did not violate the [statute]." *Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995). The Seventh Circuit has remarked that there is a "strong presumption" in favor of doubling. *Shea*, 152 F.3d at 733; see also *id.* ("Doubling is the norm, not the exception").

Although this case was tried before a jury, the Court and the parties recognized that an award of liquidated damages ultimately must be made by the Court. Accordingly, the jury's finding on the "good faith" question set forth on the verdict form was advisory, not binding. See

---

[1] The liquidated damages provisions of the FMLA and the Fair Labor Standards Act are identical. Thus, the courts (and the parties in this case) have treated the case law under the statutes interchangeably.

*Robinson v. Food Service of Belton, Inc.*, 415 F. Supp. 2d 1232, 1239 (D. Kan. 2005) ("the jury's finding on the good faith issue is simply advisory"); see also *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (noting that the FLSA "assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes").

As noted above, the jury answered the question concerning Defendant's good faith in the negative. See Verdict Form [55] at 1. The jury also found that Defendant interfered with Plaintiff's FMLA rights and that Plaintiff's decision to take FMLA leave was a "motivating factor" in Defendant's decision to terminate Plaintiff's employment. See *id.* Plaintiff contends that the jury's findings indicate that it "inherently and logically found that Advocate terminated Ulit willfully, in violation of her FMLA rights." Plaintiff then points to a line of court of appeals decisions in which the courts have held that "a jury's finding of willfulness deprives the district court of any discretion to reduce liquidated damages based on its own finding of good faith." *Alvarez Perez*, 515 F.3d at 1165; see also *id.* at 1166 (noting that the court's holding appears to be consistent with the majority of circuits that have addressed the question).

While there appears to be some logic to Plaintiff's position, the cases to which Plaintiff draws the Court's attention arose in somewhat different circumstances. Most notably, the question for the jury was whether the plaintiff's claim arose out of a "willful" statutory violation (see *Alvarez Perez*, 515 F.3d at 1164-66), and thus the jury made a direct finding on the question of willfulness. Here, by contrast, the jury was not asked to determine whether Defendant's conduct was "willful" – or whether, alternatively, Defendant made a negligent mistake in taking Plaintiff's FMLA leave into account in its termination decision. And the jury's advisory finding that Defendant did not act in good faith does not indicate that the jury thought Defendant acted

willfully, as opposed to negligently or even cluelessly. In other words, the absence of good faith does not necessarily equate to bad faith or willfulness.

Nevertheless, even if an award of liquidated damages is not mandated by the jury's findings or its advisory view on the good faith question, the Court finds that such an award is appropriate given the facts adduced at trial. To begin with, while the jury's determination that Defendant did not prove good faith is not dispositive, the Court is not inclined to ignore that determination altogether. The Court is of the view that (1) the evidence adduced at trial was sufficient to support a verdict for either party, (2) the decisions reached by the jurors likely turned on their assessment of the credibility of the key witnesses, Ms. Ulit and Ms. Lopez, and (3) in view of their findings, the jurors almost certainly found Ms. Ulit more credible than Ms. Lopez.

The critical testimony on the question of FMLA leave as a motivating factor concerned comments allegedly made by Ms. Lopez to the effect that Plaintiff had "too many babies" and should have her "tubes tied." There was competing testimony as to whether such comments were made, and it was within the jurors' prerogative to believe that Ms. Lopez did make them. And they likely did come to that view, because there was very little other testimony that could have led to the verdict that they reached. In addition, although there was testimony that other Advocate employees made the final decision to terminate Plaintiff, those decisionmakers acknowledged that they relied on substantial input from Ms. Lopez. To the extent that the jurors believed that Ms. Lopez had it out for Plaintiff because of her frequent pregnancies and FMLA leaves, the jurors were free to conclude that Ms. Lopez's input tainted the decisionmaking process. Finally, the jurors may have viewed Defendant's simultaneous positions that (1) Plaintiff's violations of HIPAA were serious enough to warrant termination yet (2) those

violations were not so serious as to foreclose Ms. Lopez from offering Plaintiff a positive recommendation for employment at other hospitals (including Advocate facilities) as indicating that the termination really did reflect frustration with Plaintiff's FMLA leaves rather than a genuine concern with patient confidentiality.

Of course, as Defendant correctly argues, even under *Byrne v. Avon Prods.*, 125 Fed. Appx. 704, 2004 WL 3049823, at **1 (7th Cir. Dec. 21, 2004) (unpublished), a court is free to disregard the jury's advisory finding on the good faith issue – or its implicit findings on the other questions that it considered in reaching its verdict – if those findings seem wrong or are not supported by the evidence adduced at trial. But that is not the case here. At best, Defendant has shown that the jury's findings were by no means compelled by the testimony at trial and that a jury reasonably and plausibly could have found for Defendant across the board, including on good faith. But given the "substantial burden" that the employer must carry to show good faith (*Bankston*, 60 F.3d at 1254) and the "strong presumption" in this Circuit in favor of awarding double damages (*Shea*, 152 F.3d at 733), that is not enough. See also *Byrne*, 2004 WL 3049823, at **1 (stating that "liquidated damages follow automatically if [the jury's special] verdict is supported by the evidence – as it was"). The Court concludes, on the basis of its independent assessment of the evidence and giving due consideration to the jury's findings, that Defendant has not carried its burden under the statute.

**III. Conclusion**

For the reasons stated above, the Court finds that an award of liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) is appropriate in this case. With that finding, the Court now is in position to enter a final judgment, pursuant to which Plaintiff is awarded the following:

| | |
|---|---|
| Lost wages and benefits: | $39,932.22[2] |
| Liquidated damages: | $42,208.62 |
| Interest: | $2,276.40 |
| Attorneys' fees: | $140,268.00 |
| Expenses: | $772.70 |
| Costs: | $4,374.46 |

A final judgment in favor of Plaintiff and against Defendant in the amount of $229,832.40 will be entered today in a separate document.

Dated: December 21, 2009

Robert M. Dow, Jr.
United States District Judge

---

[2] The amounts of lost wages and benefits and pre-judgment interest have been taken from Schedule B of the parties' final pre-trial order [36, at 5] and were calculated as of October 9, 2009, which happened to be the date on which the verdict was returned [55].